IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBYN SAMARA, | CASE NO. 1:16 CV 0513 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| | MEMORANDUM OF OPINION |
| KING'S REMODELING, LLC., *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Robyn Samara filed the above-captioned action against King's Remodeling, LLC., Attorney Patrick S. Lavelle, and the Cuyahoga County Sheriff's Department. In the Complaint, Plaintiff alleges King's Remodeling purchased her foreclosed property through a forfeited land sale and attempted to take possession of the property before she finished pursuing all forms of litigation to contest the sale. She seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF No. 2). That Application is granted.

**Factual and Procedural Background**

The issues in this case have been litigated extensively since 2012. It began when the Cuyahoga County Treasurer filed a tax foreclosure action against Samara in the Cuyahoga County Court of Common Pleas on January 18, 2012 with respect to the property located at 2104 West 93rd St., Cleveland, Ohio. That property appears to be a duplex owned at that time by Samara. The Common Pleas Court granted judgment in favor of Cuyahoga County on May 13, 2013. Samara

filed a timely appeal of that decision. The Ohio Eighth District Court of Appeals affirmed the trial court's judgment of foreclosure on July 3, 2014.

A sheriff's sale of the property was scheduled for August 5, 2013. On the date of the sale, Samara filed for bankruptcy automatically staying the sale. The stay was lifted by the bankruptcy court and the property was scheduled for sheriff's sale on October 6, 2014. On October 6, 2014, Samara filed another bankruptcy action, which automatically stayed the sale. That bankruptcy stay was lifted on February 11, 2015. The property was scheduled for sheriff's sale on April 6, 2014. On April 3, 2015, Samara attempted to remove the case to federal court. *See Samara v. Cuyahoga County Treasurer*, No. 1:15 CV 653 (N.D. Ohio Apr. 13, 2015)(Nugent, J.). That case was not filed as a removal, but as a civil case originating in the federal court. It was dismissed on April 13, 2015. The property again was scheduled for sheriff's sale and when it failed to sell for the minimum bid, the Common Pleas Court ordered the property to be forfeited to the State of Ohio on May 18, 2015. During this time, Samara remained on the property and rented the other unit in the building.

King's Remodeling purchased the property from the State through a forfeited land sale on September 10, 2015. Samara claims that immediately after purchasing the property, Donald King, the president of King's Remodeling, went to the property at 2104 W. 93rd St., Cleveland, Ohio and informed Samara's tenant, Guyln Wong, that King was the new owner. Upon learning the property had been sold, Samara attempted to contact King by telephone to tell him the "redemption period" had not yet expired, but did not receive the response she was seeking. Samara then filed a Clerk's Certificate of Pending Suit for Lis Pendens Against Registered Lands with the Cuyahoga County Recorder's Office on September 24, 2015. She also filed a Petition for Great Writ of Prohibition in the Ohio Eighth District Court of Appeals seeking to stop the transfer of title in the property to

King's Remodeling in exchange for payment in the amount of the foreclosure judgment. King retained attorney Patrick Lavelle. The deed formally transferring the property was signed and recorded with the County Recorder on October 14, 2015. The Petition for a Writ of Prohibition was denied and dismissed on March 2, 2016.

Samara filed an action in the Cuyahoga County Common Pleas Court on December 14, 2015 against King's Remodeling, Lavelle, Cuyahoga County Clerk of Court Nailah K. Byrd, and Cuyahoga County Sheriff Clifford Pinkney, along with Common Pleas Court judges, and County officers contesting the transfer of the property in light of the lis pendens filing. The Defendants have filed a Motion to Dismiss. That case is still pending.

In the meantime, King's Remodeling filed an eviction action against Samara on January 26, 2016 in the Cleveland Municipal Court. The Municipal Court granted judgment in favor of King's Remodeling on February 26, 2016, and scheduled a supervised move out date of March 4, 2016. Samara informed the Court on March 3, 2016 that she had removed the eviction action to federal court; however, she had not in fact filed a Notice of Removal. The Municipal Court ordered her to prove that she actually filed a Notice of Removal no later than 4:00 p.m. on March 8, 2016 and reset the supervised move. On March 8, 2016, at 2:23 p.m., Samara filed the Notice of Removal of the eviction action to Federal Court, staying the supervised move. *See King's Remodeling, LLC v. Samara*, No. 1:16 CV 558 (N.D. Ohio Mar. 17, 2016)(Polster, J.). The case was remanded to the Municipal Court on March 17, 2016.

Plaintiff has now filed this civil action against King's Remodeling, Lavelle, and Cuyahoga County Sheriff Clifford Pinkney claiming they violated her rights under 42 U.S.C. §§ 1983, 1985, and 18 U.S.C. § 241 and 242 by allowing King's Remodeling to purchase the property after she filed

the lis pendens certificate with the Cuyahoga County Recorder's Office. She includes state law claims for abuse of process, intentional infliction of emotional distress, and fraud. She seeks monetary damages.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

It is apparent that the issues in this case have been litigated extensively since Cuyahoga County obtained a judgment of foreclosure in 2013. Since that time, Samara filed numerous lawsuits in state and federal courts with the stated purpose of delaying the execution of the foreclosure judgment. It also appears she is now using the legal system to harass King's Remodeling, and the County officials and judges who had some connection to the foreclosure or eviction actions.

This case is no exception. Samara's Complaint is based entirely on her assertion that King's Remodeling filed a deed and an eviction action after she filed a certificate of lis pendens and a Petition for a Writ of Prohibition. She believed, incorrectly, that these filings would also stay the transfer of title to King's Remodeling, as well as her eviction and the eviction of the tenant from whom she continued to collect rent even after title to the property was forfeited to the State of Ohio. When those filings did not have the effect of staying the property transfer and her eviction, she filed this action claiming King's Remodeling, its attorney, and the County Sheriff who conducted the forfeiture sale denied her due process. She claims she is entitled to relief under 42 U.S.C. §§ 1983 and 1985 and 18 U.S.C. § 241 and 242.

None of these statutes provide relief in this case. To state a claim for relief under 42 U.S.C. § 1983, Samara must allege facts suggesting that a person acting under color of state law deprived her of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party

may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). In this case King's Remodeling is not a state or local government agency and Samara has not alleged facts reasonably suggested that it could be considered to be a state actor. Lavelle is a private attorney. A privately retained attorney is not considered a state actor under 42 U.S.C. § 1983. *Washington v. Brewer*, No. 91-1935, 1991 WL 243591 (6th Cir. Nov. 21, 1991); *see also Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

While Clifford Pinkney is a state actor for purposes of § 1983, Samara has not mentioned him at all in the body of her Complaint. She cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). There are no facts in the Complaint suggesting Pinkney personally participated in any of the events described by Samara. Pinkney cannot be held liable under § 1983 because King's Remodeling recorded the deed and filed an eviction action against Samara after she filed the lis pendens certificate and Petition for Writ of Prohibition.

Moreover, even if Samara had alleged facts suggesting Pinkney's personal involvement in the events of this case, she has not demonstrated that she was denied due process. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without

due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clauses bar "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Procedural due process does not require that the government refrain from making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349 -1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id.* Procedural due process therefore requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir. 1983). Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

To prevail on a procedural due process claim, Samara must plead and prove either that the Defendants deprived her of her liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendants deprived her of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). She does not raise a specific challenge to an established state procedure, statute or local ordinance. Instead, she claims that the filing of a lis pendens certificate and a writ

of prohibition should have had the effect of staying the transfer of the deed and her eviction until such time as she was finished with all avenues of litigation. She therefore appears to contend she was deprived of her property due to unauthorized acts of the Defendants.

To state a procedural due process claim based upon alleged unauthorized acts of the Defendants, Samara must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. Samara could have raised them in her eviction action, in her Petition for a Writ of Prohibition, and on appeal to the Ohio Court of Appeals and the Ohio Supreme Court. The fact that she was unsuccessful in convincing either the Ohio Court of Appeals or the Cleveland Municipal Court of the merits of her arguments does not mean that her state court remedies were inadequate. *Vicory*, 721 F.2d at 1064. To the contrary, she has had numerous opportunities to litigate this matter. She was not denied due process.

Samara also fails to state a claim for relief under 42 U.S.C. § 1985. To establish a violation of § 1985, she must allege that the Defendants conspired together for the purpose of depriving her of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Conspiracy claims must be pled with specificity. A plaintiff fails to state an adequate claim if her allegations of conspiracy are premised upon mere conclusions and opinions. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). She must allege sufficient facts to link two alleged conspirators in the conspiracy and to establish the requisite "meeting of the minds" essential to the existence of the conspiracy. *McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds). Samara does not allege specific facts to suggest to suggest that

any of the Defendants conspired together to deprive her of equal protection or that their actions were in any way motivated by her race, gender, or membership in a protected class.

Finally, 18 U.S.C. §§ 241 and 242 do not provide a plausible claim for relief. These are criminal statutes. They do not provide a private cause of action to civil litigants. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008); *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003).

Samara's remaining claims all arise under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Samara's federal law claims, this Court declines jurisdiction to hear her state law claims.

## Conclusion

Accordingly, Samara's application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: March 22, 2016